DWINAL, *Pet'r for Partition, versus* HOLMES.

At common law, the death of a sole party, *pendente lite,* abated the writ.

The process by petition for partition not being a *personal action,* comes not within the provisions of R. S., c. 120, § § 10, 15.

Neither is it a process to *demand possession of land,* and cannot therefore be embraced in R. S:, c. 145, § 19.

Nor can the heirs or devisees of such petitioner deceased, be *compelled* to come into Court and take upon themselves the prosecution of the suit.

Unless they voluntarily appear after the death of the petitioner, the process must abate.

ON FACTS AGREED.

PETITION FOR PARTITION.

This case was heard at the October term, 1850, and continued on report. The questions arising thereon were argued before the full Court at the May term, 1851, and the opinion of the Court certified to the clerk on April 17, 1852, directing judgment for partition in lot No. 3, as prayed for, and the denial of the petition as to another lot.

The clerk thereupon made the entry on the docket under the petition.

The petitioner having died before the promulgation of the opinion, the case was continued from term to term. At the Nov. term, 1852, the respondent, on leave, cited in the administrator of the estate of the petitioner. He declined to come in. It was then moved that he be made a party to the record, but the counsel for the petitioner insisted that the action abate.

The Court were to render such judgment, and order and decree as the rights of the parties might require.

*Perry,* and *Clifford* and *Appleton,* for the petitioner.

1. Independent of any statute provision, to the contrary, the death of a party, either petitioner or respondent, in a proceeding by petition for partition, abates the petition. *Nason* v. *Willard,* 2 Mass. 479; *Mitchell & al.* v. *Starbuck & al.,* 10 Mass. 9; Dane's Abr. 6, c. 191, a. 4; 6 Wheaton, 260; Gould's Pleadings, 264; *Frohock* v. *Justine,* 8 Watts' (Pa.) R. 121.

2. There is no provision in the Revised Statutes which saves a petition for partition from abatement on the death of a sole petitioner. R. S., c. 120, § 12, refers only to *personal* actions. *Nason* v. *Willard,* 2 Mass. 478. R. S., c. 145, § 19, refer to actions wherein "the possession of land is or may be demanded," and such is not this case. *Alley* v. *Hubbard,* 19 Pick. 243. R. S., c. 121, § 16, provide for amendments of a petition, but cannot save this process from abatement.

*May,* for the respondent.

1. By the facts in the case, the respondent would be entitled to costs, but for the death of the petitioner. Does his death abate the process? By § 16, c. 121, tenants-in common may join or sever in petitions for partition, and in case of the death of a *petitioner,* whether joint or *several,* the heirs, devisees or grantees may be inserted as petitioners, instead of the deceased.

It may be that our motion should have been to cite in the heirs rather than the administrator, and if so, a motion can hereafter be made in the Court where the petition is pending. It appears from this statute, that the petition does not necessarily abate.

2. But we say that this process, when the respondent has appeared and made an issue, so that the proceedings have assumed an *adversary* form, is an action within the meaning of R. S., c. 145, § 19.

HOWARD, J. — At common law, the death of a sole party, *pendente lite,* abated the suit. The inconvenience resulting from the application of this rule has been remedied by stat-

ute law, in a great measure. So that now, in *personal actions,* the cause of which, by law, survives the death of a sole plaintiff or defendant, before judgment, will not abate the suit; but the administrator or executor of the deceased party may appear and prosecute or defend the action; and he may be cited for that purpose; and if he do not appear judgment may be rendered against him upon nonsuit or default. R. S., c. 120, §§ 10, 15; and statute 17 Car. 2, c. 13, and 8 and 9 W. 3, c. 10, §§ 6 and 7.

In respect to *real actions,* the inconvenience of abatement, by the death of parties, is remedied by R. S., c. 145, § 19; which provides that no action, wherein the possession of land is, or may be demanded, shall at any stage of its progress, after having been entered in court, be abated by the death or intermarriage of either party thereto, &c.

If a petition for partition may be regarded as an action, in a legal sense, it is not a personal action, and by it the possession of land is not demanded. The petitioner must be seized in fee simple, or for life, of the estate, or have a right of entry, in order to maintain his process. R. S., c. 121, § 1. It is plain, therefore, that the provisions of the statutes referred to, do not embrace petitions for partition.

By R. S., c. 121, § 16, and the Act of amendment, 1842, c. 31, § 14, it is provided, that " tenants in common, joint tenants and co-partners may, all, or any two or more of them, join or sever in petitions for partition; and whenever they join, and either petitioner shall decease, or convey his share pending the petition, the Court may allow an amendment of the petition; and his name may be erased, and the names of his heirs, devisees or grantees, respectively, inserted in his stead; and they, with the other petitioners, may proceed in the cause for their respective shares; and the heirs, devisees or grantees of a several petitioner may be inserted as petitioners, instead of the deceased grantor." But there is no provision for citing in the heirs, devisees or grantees, or compelling them to appear, or proceeding to judgment without their voluntary appearance. Unless they do appear there is but one party in Court, and the petition abates, under the

general rule of the common law, by the death of the petitioner. The Act of April 19, 1854, is prospective in terms, and does not reach the infirmities of this case.

*Respondent's motion denied.*

SHEPLEY, C. J., and RICE, HATHAWAY and CUTTING, J. J., concurred.

NOTE. By Act of 1854, c. 97, petitions for partition are not to abate on account of the death of a party thereto ; but the Court may cite in either the heirs, or the executor or administrator of such deceased person, and they may be made parties to the process.